**Robert R. LISIECKI, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, U.S. Postal Service, Defendants–Appellees.**

No. 01–6249.

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Montgomery J. Delaney, White Plains, NY, for Plaintiff–Appellant.

Sharon L. Volckhausen, Assistant U.S. Attorney (Alan Vinegrad, U.S. Attorney for the Eastern District of New York, on the brief; Varuni Nelson, Assistant U.S. Attorney, of counsel), Brooklyn, NY, for Defendants–Appellees.

Present MESKILL, CARDAMONE and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Robert R. Lisiecki appeals from a judgment of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge* ) granting the defendants' motion for judgment on the pleadings. We affirm.

I.

Lisiecki, a disabled veteran, was formerly employed as a custodian by the United States Postal Service (the "Postal Service") at its Radio City Station in New York City. He was terminated from that position effective November 8, 1997, after over four years of service, based on charges that he had been "continuously

absent from [his] scheduled tour of duty, without official leave, (AWOL), since July 28, 1997," and had failed to "submit administratively acceptable evidence to substantiate the necessity for [his] absence." Notice of Proposed Removal (Sept. 16, 1997) at 1.

To challenge his termination, Lisiecki proceeded concurrently along two separate routes available to him. The first was the internal grievance procedure set forth in the collective bargaining agreement ("CBA") reached between the Postal Service and Lisiecki's union, the American Postal Workers Union AFL–CIO. Lisiecki's grievance was filed on October 9, 1997, and an arbitration hearing was held on November 23, 1998. The arbitrator found that Lisiecki had been absent from work because complications stemming from mental illness had so incapacitated Lisiecki as to cause him to be hospitalized. Furthermore, upon being admitted to the hospital's psychiatric ward—which did not provide patients with access to a telephone—Lisiecki emphatically requested that the hospital staff notify the Postal Service of his status. And although the hospital staff assured Lisiecki that steps would be taken to apprise his employer, a "bureaucratic mix-up" apparently prevented any such actual notification from occurring. The arbitrator concluded that the above circumstances validly explained Lisiecki's work absences and, on December 18, 1998, directed that Lisiecki be reinstated to his former position, without back pay.[1]

Lisiecki's second route for challenging his termination was afforded by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 et seq. Under the CSRA, a Postal Service employee who alleges that an adverse employment action was partially or wholly based on prohibited discrimination may contest that action by filing an appeal with either the Postal Service's Equal Employment Opportunity ("EEO") office or the Merit Systems Protection Board ("MSPB"), *but not both.* 5 U.S.C. §§ 7702(a)(1) & (2); 29 C.F.R. §§ 1614.302(a)(1) & (2). Lisiecki filed an appeal with the MSPB on December 3, 1997, alleging that he was fired because of his disability. He opted for the MSPB rather than the EEO procedure despite the fact that the CBA expressly provides that an employee who concurrently pursues an appeal to the MSPB will be deemed to have waived full access to the CBA's grievance procedure, and despite the fact that the Postal Service's decision of removal, dated November 3, 1997, explained as follows: "If you appeal to the MSPB, you will have no further appeal within the U.S. Postal Service."

Subsequently, faced with the strategic choice between, on the one hand, continuing along the MSPB track but waiving full use of the CBA's grievance procedure or, on the other hand, abandoning his MSPB case but preserving full access to the grievance procedure—Lisiecki, through his designated union representative, voluntarily withdrew his appeal from the MSPB with prejudice on December 23, 1997.

Three days later, Lisiecki contacted one of the Postal Service's EEO counselors and expressed his belief that his removal was motivated by his disability. After permission to file an EEO complaint was granted by the Postal Service's EEO office, Lisiecki did so on March 16, 1998. The complaint was ultimately denied by that office on the merits on June 11, 1999, following an EEO investigation. Lisiecki appealed the EEO denial to the relevant administrative bodies on the EEO track, none of which found in his favor.

---

1. Lisiecki voluntarily resigned from the Postal Service in December 1999.

Having won reinstatement through the CBA's grievance procedure, voluntarily withdrawn his MSPB appeal with prejudice, and lost on his EEO complaint at all of the EEO's administrative levels, Lisiecki turned to federal court in order to vindicate his claim of employment discrimination against the Postal Service. He filed a complaint *pro se* on November 22, 1999, in the United States District Court for the Eastern District of New York alleging that the defendants engaged in employment discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. §§ 12,112–17, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and seeking relief in the form of back pay and compensatory damages.

The defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and in a ruling delivered orally on September 28 and entered on October 11, 2001, the District Court granted the motion. This timely appeal followed.

## II.

Because Lisiecki was only allowed under the CSRA to challenge his termination with either the MSPB or his agency's EEO office *but not both*, and because Lisiecki initially filed with the MSPB, the District Court found that for purposes of the exhaustion requirement Lisiecki will be deemed to have "made an election to go to the MSPB, even if he subsequently withdrew [his MSPB appeal]." Tr. at 16. Thus, concluded the District Court, judgment on the pleadings was warranted as Lisiecki failed to exhaust MSPB procedures prior to filing his federal action.

Although Lisiecki appeals the District Court's ruling in this regard—which we review *de novo, King v. Am. Airlines, Inc.,* 284 F.3d 352, 356 (2d Cir.2002)—it is clearly correct under our recent decision in *Economou v. Caldera,* 286 F.3d 144 (2d

Cir. Apr.5, 2002). The facts of *Economou* are remarkably similar to this case. There, Constantine Economou was an employee of the Army Corps of Engineers who contested his termination by filing an appeal first with the MSPB and then with his employer's EEO office, but who eventually withdrew the MSPB appeal voluntarily in order to pursue solely the EEO track. We held that a "binding 'election' between the MSPB and EEO remedies [afforded under the CSRA] occurs as soon as a formal petition is filed in either forum." *Id.* at 149. As Economou filed initially with the MSPB, "that formal filing designated the MSPB as the administrative forum in which Economou was bound to exhaust his claims" before pursuing them in the district court. *Id.* We concluded in *Economou* by noting that "the apparently harsh result" would not cause us to "bend the plain language of the regulations to allow parties to browse at will through multiple administrative reviews in search of a more favorable outcome." *Id.* at 150.

As *Economou* is dispositive of Lisiecki's appeal and as Lisiecki does not even attempt to distinguish *Economou* from his own circumstances, we affirm the District Court's ruling that Lisiecki failed to exhaust his administrative remedies prior to filing his federal complaint.

## III.

The District Court additionally declined to reinstate the suit "because of any equitable considerations." Tr. at 16. We agree. The decision of removal received by Lisiecki informed him in no uncertain terms that "[i]f you appeal to the MSPB, you will have no further appeal within the U.S. Postal Service." And there is no allegation that Lisiecki was under duress or incapacity due to mental illness *at the time he decided to file first with the MSPB instead of his agency's EEO office.* Final-

ly, Lisiecki was able to achieve partial relief from his termination (i.e., reinstatement) by means of the CBA's grievance procedure. As the District Court rightly concluded, although "[Lisiecki] did not get everything he wanted ... [t]hat was the choice he made." Tr. at 16.

### IV.

We have considered all of Lisiecki's other arguments and have found them to be without merit. Accordingly and for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.

